HON. WILLIAM G. BARRY Chairman, New York State Racing and Wagering Board
This is in response to your letter of April 22, 1977, which requests whether section 369-e of the General Business Law permits the use of the game of bingo by a profit-making commercial establishment. The aforementioned statute regulates games of chance used to promote the sale of merchandise or commodities to consumers, where no consideration is charged for participation therein, and the prizes offered exceed five thousand dollars. In order to prevent manipulation of such contests, the statute establishes bonding, record-keeping, and disclosure requirements to be filed with the Department of State. In addition, information concerning the game's rules and regulations, the proportionate chance of winning, the minimum number of available prizes and the minimum number of prizes that will be awarded must be conspicuously posted at each establishment conducting the contest.
The object of the statute was not to outlaw but to regulate prize contests that were otherwise legal. The statute avoids overlap with some of the lottery offenses in Article 225 of the Penal Law by negating the need for consideration, one of the three elements essential to the existence of a lottery, namely, chance, consideration and prize. (54 C.J.S. 845.) Section 495-a(1) (2) (3) of the General Municipal Law defines "unlawful bingo" as a game of chance
 "1. * * * in which prizes are awarded on the basis of designated numbers or symbols on a card conforming to numbers or symbols selected at random, whether or not a person who participates as a player furnishes something of value for the opportunity to participate. "2. Any person, firm, partnership, association, corporation or organization holding, operating, or conducting bingo or a game is guilty of a misdemeanor, except when operating, holding or conducting:
 "(a) In accordance with a valid license issued pursuant to this article, or
 "(b) Within the confines of a home for purposes of amusement or recreation where (i) no player or other person furnishes anything of value for the opportunity to participate (ii) participation in such game does not exceed fifteen players, and (iii) the prizes awarded or to be awarded are nominal.
 "(c) On behalf of a bona fide organization of persons sixty years of age or over, commonly referred to as senior citizens, solely for the purpose of amusement and recreation of its members where (i) the organization has applied for and received an identification number from the bingo control commission, (ii) no player or other person furnishes anything of value for the opportunity to participate, (iii) the prizes awarded or to be awarded are nominal, (iv) no person other than a bona fide active member of the organization participates in the conduct of the games, and (v) no person is paid for conducting or assisting in the conduct of the game or games.
 "3. The provisions of this section shall apply to all municipalities within this state, including those municipalities where this article is inoperative."
In Kayden Industries, Inc. v. Lefkowitz, 46 Misc.2d 423 (1965), the plaintiff sought to enjoin the Attorney General from interfering with the conduct of a bingo game as a supermarket promotion. After a lengthy review of the history of bingo in this State, the Court concluded that because of the constitutional language prohibiting playing bingo in this State except as permitted by law, the State could validly enjoin the operation of a bingo game even if it is not in violation of the Penal Law. In Kayden Industries, Inc. v. Lefkowitz, supra, on page 428, the Court states:
 "Therefore, the door to the operation of bingo has been closed to all unauthorized organizations and persons, and * * * bingo can only be played in municipalities which have adopted a local law or ordinance legalizing it and then only by duly licensed authorized organizations."
"Authorized organization" is defined in section 476(4) of the General Municipal Law as follows:
 "* * * any bona fide religious or charitable organization or bona fide educational, fraternal, civic or service organization or bona fide organization of veterans or volunteer firemen, * * *"
A profit-seeking commercial establishment cannot qualify as an "authorized organization." It cannot be licensed to operat a bingo game nor does it fall within the senior citizens organization or recreational bingo exceptions. Therefore, the operation of a bingo game by a profit-seeking commercial establishment is a misdemeanor. (General Municipal Law, § 495-a[2].)
The advertising and gaming material attached to your opinion request include the rules and regulations for participation in the "Gamerama" contest. The game consists of markers and master cards (square matrices) which are obtained from the merchant. The contestant corresponds the symbols on the markers to the symbols on the master cards. When a row, column, or diagonal is completed, the contestant can claim the prize designated by the master card. It is my opinion that this game ("Gamerama") constitutes "bingo" within the meaning and intent of section432(3) of the Executive Law and section 476(3) of the General Municipal Law. It is my further opinion that notwithstanding compliance with the requirements of section 369-e of the General Business Law, the operation of the "Gamerama" contest by a profit-seeking commercial establishment is a misdemeanor pursuant to General Municipal Law, §495-a(2).